UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LANDRY'S, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:23-cv-00571-RP** |
| | § | |
| **LANDRY DISTILLING INC., ET AL.,** | § | |
| | § | |
| *Defendant* | § | |

## ORDER

Before the Court is Plaintiff Landry's LLC's ("Landry's Restaurants") Motion for an Expedited Discovery Order, Dkt. 31. Having considered the briefing, the evidence, and the relevant law, the Court denies the Motion.

### I.       BACKGROUND

Landry's Restaurants and Landry Distilling Inc. ("Landry Distillery") dispute each other's advertising practices. Landry's Restaurants have developed the use of the word mark LANDRY'S in connection with their restaurant and bar service for the past four decades. Dkt. 31, at 2. Landry Distillery, on the other hand, has since at least 2021 used branding associated with their owner's name, Zachary Landry. *Id.* That branding includes labels like "LANDRY DISTILLERY," "LANDRY OAKS," and "LANDRY STAKES." *Id.*

Landry's Restaurants sent Landry Distillery a cease-and-desist letter about the disputed trademarks on August 13, 2021. Dkt. 32, at 3. While the parties attempted to negotiate a resolution, Landry Distillery filed a declaratory-judgment

1

action in this Court on March 29, 2023. *Id.* Less than two hours later, Landry's Restaurants filed a similar action in Harris County District Court. *Id.* Landry Distillery removed the second suit to the Southern District of Texas and sought transfer to this Court under the first-to-file rule. *Id.* The Southern District granted Landry Distillery's transfer motion, finding that there is substantial overlap between the two actions. *Id.* at 4.

Landry's Restaurants filed this Motion for an Expedited Discovery Order on June 2, 2023. Dkt. 31. It argues that Landry Distillery has used dilatory procedural tactics, such as removal, to undermine Landry's Restaurants' application for a preliminary injunction. *Id.* at 1-2.

## II.    LEGAL STANDARD

"Federal Rules 34(b) and 26(d) allow a party to seek expedited discovery, and the Fifth Circuit has permitted such discovery in certain circumstances." *Stockade Companies, LLC v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017); *see also, e.g., FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing expedited discovery before a hearing on a preliminary injunction); *Quilling v. Funding Resource Grp.*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming a district court's order of expedited discovery).

Several courts in the Fifth Circuit, including this one, have adopted a "good cause standard" to determine whether a party is entitled to expedited discovery. *Stockade Companies*, 2017 WL 2635285, at *2. "In determining whether good cause

exists, courts often consider (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *2 (S.D. Tex. Jan. 29, 2016) (internal citation and quotation marks omitted).

### III.    ARGUMENT

The Court is not satisfied that Landry's Restaurants has met its burden of showing that good cause exists to permit limited expedited discovery. First, no motion for a preliminary injunction is pending; rather, Landry's Restaurants has simply indicated that a motion is "forthcoming." Dkt. 31, at 4-6. Accordingly, the first good cause factor—whether a preliminary injunction is pending—cuts against Landry's Restaurants. *Greenthal*, 2016 WL 362312, at *2.

Additionally, the third good cause factor—the purpose for requesting the expedited discovery—also weighs against granting the Motion. Landry's Restaurants argues that it seeks this discovery "on an expedited basis because Defendants have thus far used procedural moves to delay the discovery necessary to resolve [Landry's Restaurants'] application for preliminary injunction." Dkt. 31, at 4-5. But there are two problems with that argument. First, removing a case to federal court is not a "procedural move[] to delay" discovery; rather, it is a common means of invoking federal jurisdiction. Second, Landry's Restaurants' own delay far outweighs that of Landry Distillery. Landry's Restaurants waited roughly eighteen months after its

August 2021 demand letter before bringing any legal action. Dkt. 32, at 5. And Landry's Restaurants' decision to file a second lawsuit in Harris County further delayed these proceedings as well.

Finally, the fifth factor—how far in advance of the typical discovery process the request was made—counsels against granting expedited discovery. Where a case is "still in its infancy," as here, the fifth factor weighs against granting expedited discovery. *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-350, 2016 WL 3747222, at *5 (E.D. Tex. July 13, 2016).

## IV.    CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Plaintiff's Motion for an Expedited Discovery Order, Dkt. 31, is **DENIED**.

SIGNED November 1, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE