# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LANDRY'S, LLC, LANDRY'S TRADEMARK, INC., *Plaintiffs* § § § § | | |
| v. § § | | Case No. 1-23-CV-00571-RP |
| LANDRY DISTILLING, INC., LANDRY DISTILLERY LLC, LANDRY OAKS, LLC, LANDRY RESERVE, LLC, LOWELL ZACHARY LANDRY, *Defendants* § § § § § § § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**   THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before this Court is Plaintiff Landry's LLC's ("Landry's Restaurants") Motion to Remand, Dkt. 12, and all related briefing. After reviewing these filings and the relevant law, the undersigned recommends granting Landry's Restaurants' Motion.

### I.   BACKGROUND

Landry's Restaurants and Landry Distilling Inc. ("Landry Distillery") dispute the lawfulness of each other's advertising practices. Landry's Restaurants has developed the use of the word mark LANDRY'S in connection with its restaurant and bar services for the past four decades. Dkt. 31, at 2. Landry Distillery, on the other

hand, has since at least 2021 used branding associated with its owner's name, Zachary Landry. *Id.* That branding includes labels like "LANDRY DISTILLERY," "LANDRY OAKS," and "LANDRY STAKES." *Id.*

Landry's Restaurants filed its Original Petition in the District Court of Harris County, Texas 190th Judicial District, Dkt 31, at 2, pleading various causes of action under Texas state law. Alleging federal question jurisdiction, Landry Distillery removed the litigation to the Southern District of Texas on April 7, 2023, and Landry's Restaurants promptly moved to remand. *Id.* at 3. On May 23, 2023, the Southern District of Texas transferred this action to this Court but declined to rule on the pending motion to remand. *Id.* That motion was then referred to the undersigned for consideration.

## II.   LEGAL STANDARD

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law if the plaintiff either (1) pleads a cause of action created by federal law, or (2) asserts "a state-law claim [that] necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

"Since removal jurisdiction raises significant federalism concerns, courts must construe removal statutes narrowly, with doubts resolved in favor of remand to the state court." *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (internal citations and quotation marks omitted).

"[T]he plaintiff is the master of her complaint." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Accordingly, "[a] plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Id.* at 772-73. In assessing whether removal was proper, courts "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Federal question jurisdiction only exists where there "appear[s] on the face of the complaint some substantial, disputed question of federal law." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998). "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111 (1936)).

### III.   ANALYSIS

The crux of this dispute is whether removal from state court was proper. Landry's Restaurants argues that its operative complaint for removal purposes, Dkt. 1-4 ("the Petition"), pleads exclusively Texas-based claims, making removal

improper. Dkt. 12, at 5. Landry's Distillery disagrees, arguing that the substance of the Petition is overwhelmingly federal and necessarily includes a Lanham Act claim. Dkt. 20, at 13. Landry's Restaurants also requests attorney's fees and costs, arguing that Landry Distillery lacked an objectively reasonable basis for removal. Dkt. 12, at 15.

### A. Landry's Restaurants' Petition Exclusively States Causes of Action Arising Under Texas Law.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

That is exactly what Landry's Restaurants did here. Landry's Restaurants' Petition does not invoke the Lanham Act or any other federal causes of action; rather, it exclusively states claims for (1) statutory and common law trademark under Texas law, (2) unfair competition and deceptive trade practices under Texas law, and (3) trademark dilution under Texas law. Dkt 1-4. Because each of these claims relies exclusively on Texas law, the undersigned finds that there is no federal subject-matter jurisdiction. *See In re Hot-Hed Inc.*, 477 F.3d 320, 324 (5th Cir. 2007) ("As multiple courts have clarified, removal of a trademark infringement action is improper when a plaintiff does not clearly state he is seeking relief under the Lanham Act.") (quotation marks omitted).

Landry Distillery disagrees. It argues that the Petition "contains at least seventeen direct or indirect references to the federal Lanham Act, Landry's Restaurants' federal trademark registrations, or interstate use of trademarks by the parties (which is exclusively governed by federal law)." Dkt. 20, at 9 (emphasis omitted). Examples include the Petition: (1) claiming that Landry Distillery is attempting to "capitalize" on the reputation of the "nationally recognized[] Landry's family of companies," Dkt. 1-4 ¶ 1; (2) referencing Congress's power to regulate commerce, *id.* at ¶ 2; and (3) using an exhibit that contains exclusively federal registration certificates issued by the US Patent and Trademark Office, *id.* at ¶ 3.

But passing references to federal trademarks and statutes is not enough to confer federal jurisdiction; rather, removal is only proper where a *federal question* is presented on the face of the plaintiff's properly pleaded complaint. Consider this Court's recent ruling in *RecDirect, Inc. v. Edwards*, No. 1:23-CV-258-RP, 2023 WL 3273127 (W.D. Tex. Apr. 3, 2023). There, defendant argued that removal was proper because the "complaint asserts federal trademark law." *Id.* at *1. This Court rejected that argument, noting that while "Plaintiff asserts that it possesses a valid [federal] trademark," "[t]here is no claim for federal trademark *violations*, and therefore the case does not arise under federal law." *Id.* (emphasis added).

So too here. Throughout the Petition, Landry's Restaurants pleads exclusively state-law causes of actions. *See, e.g.*, Dkt. 1-4 at ¶ 44 ("Defendants' acts, described above, constitute trademark infringement in violation of Texas Business and Commercial Code section 16.102(a), and under Texas common law."); *id.* at ¶ 51

("Defendants' acts constitute unlawful deceptive trade practices and unfair competition in violation of Texas Business and Commercial Code sections 17.46 and Texas common law."); *id.* at ¶ 57 ("Defendants' acts constitute unlawful trademark dilution in violation of Texas Business and Commercial Code sections 16.103 and Texas common law.").

The Fifth Circuit has likewise held that removal of similar complaints is improper. *See, e.g., Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008) (removal was improper in legal malpractice action that required determination of whether federal trademark had acquired secondary meaning); *In re Hot-Hed Inc.*, 477 F.3d at 326 (removal to federal court was not warranted in trademark infringement action based on plaintiff's request for attorneys' fees). Accordingly, the undersigned finds that no federal question is presented on the face of Landry Restaurants' properly pleaded complaint. *Caterpillar Inc.*, 482 U.S. at 392.

### B. Landry's Restaurants' Petition Does Not Raise Substantial, Disputed Questions of Federal Law.

Defendants are entitled to remove if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons*, 545 U.S. at 312. "There is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction," *id.*, dubbed the *Grable* exception. "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* Federal jurisdiction exists under *Grable* if a state-law

6

claim turns on a question of federal law that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The *Grable* exception only applies to a "small and special category of cases." *Id.*

Landry Distillery argues that it satisfies this test. It claims that the first two factors—that the question of federal law be necessarily raised and actually disputed—are satisfied because the Petition "repeatedly references Landry's Restaurants' federal registrations and asserts their rights arising from those federal registrations" and that to resolve the issues disputed in this case, "the Court must determine the import of the federal registrations pleaded by Landry's Restaurants and their legal effect on the state-law claims." Dkt. 20, at 21-22.

The undersigned disagrees. No issues of federal law are "necessarily raised" by the Petition; rather, the Petition makes state law claims that tangentially reference undisputed facts involving federal trademark registration. Nowhere does Landry Distillery challenge the validity of Landry's Restaurants' trademarks.

But even if Landry Distillery satisfied the first two *Grable* requirements, it has still failed to show that the implicated federal issue is substantial. "The substantiality inquiry under *Grable* looks … to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Three factors assist in that inquiry. "First, a pure question of law is more likely to be a substantial federal question." *MDS (Canada) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013), certified question

answered, 143 So. 3d 881 (Fla. 2014). "Second, a question that will control many other cases is more likely to be a substantial federal question." *Id.* "Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question." *Id.*

Landry Distillery cannot satisfy these factors. Indeed, Landry Distillery does not even identify *what* the disputed federal question is, much less its substantiality. Instead, Landry Distillery simply notes that the Petition "repeatedly references Landry's Restaurants' federal registrations and asserts their rights arising from those federal registrations." Dkt. 20, at 21. But, as demonstrated *supra* at 5-6, merely mentioning federal trademarks does not convert a state law dispute into a federal one. The undersigned finds that Landry Distillery has failed to satisfy the *Grable* factors, and that there is accordingly no federal jurisdiction in this case.

### C. Attorney's Fees and Costs Are Not Warranted.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." But "[t]here is no automatic entitlement to an award of attorney's fees" and the "mere determination that removal was improper" does not require the court to grant fees. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). As the language of the statute makes clear, whether to grant fees under 28 U.S.C. § 1447(c) is entrusted to the sound discretion of the district court. *Id.*

The undersigned finds that attorneys' fees and costs are not warranted in this case. Landry Distilling had a colorable, albeit ultimately unsuccessful, argument for

removal. Accordingly, the undersigned recommends that the Court, in its discretion, deny Landry Restaurant's request for fees and costs.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Landry's Restaurants' Motion to Remand, Dkt. 12, be **GRANTED**. This case should be remanded to the District Court of Harris County, Texas in the 190th Judicial District. **IT IS FURTHER ORDERED** that this case be removed from the undersigned's docket and returned to the docket of the Honorable Robert Pitman.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED December 12, 2023.

                                          DUSTIN M. HOWELL
                                          UNITED STATES MAGISTRATE JUDGE